# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9924 | **DATE** | May 22, 2003 |
| **CASE TITLE** | Kingsley Group v. Kellogg USA | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER regarding sanctions. We find that attorneys James D. Zalewa and Tamara Anne Miller have each violated Rule 16(f) of the Federal Rules of Civil Procedure by failing to participate in good faith in the Rule 16 conference that took place in this court on October 8, 2002, and that they should each be sanctioned for their misconduct. The sanction will include the reasonable expenses, including attorneys' fees, incurred by the plaintiffs as a result of the violation. Plaintiffs may serve a motion for fees and expenses by June 5.

In addition, Mr. Zalewa and Ms. Miller are each fined the sum of $2,000 (a total of $4,000.00), to be paid by them individually, without reimbursement from any source, such as their client or their law firm. The fines shall be paid to the Clerk of the Court by August 1, 2003.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| x | Notices MAILED by judge's staff. | | MAY 23 200 | | |
| | Notified counsel by telephone. | | date docketed | | |
| | Docketing to mail notices. | ED 7 FILED FOR DOCKETING | docketing deputy initials | | 34 |
| | Mail AO 450 form. | 03 MAY 22 PM 4: 27 | 5/22/03 | | |
| | Copy to Probation | CLERK U.S. DISTRICT COURT | date mailed notice | | |
| KAM | courtroom deputy's initials | | | | |

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



MAY 2 2003

KINGSLEY GROUP, INC. and          )
DEMARCO ALLEN,                    )
                                  )
      Plaintiffs,            )     No. 01 C 9924
                                  )
      v.                     )     Hon. John F. Grady
                                  )
KELLOGG USA, INC.                 )
                                  )
      Defendant.             )

### MEMORANDUM OPINION AND ORDER REGARDING SANCTIONS

Before the court is a question as to whether the attorneys representing defendant in this diversity case should be sanctioned for misconduct pursuant to 28 U.S.C. § 1927 or Rule 16(f) of the Federal Rules of Civil Procedure.

### Factual Background

The complaint was filed on December 28, 2001. It alleges that defendant Kellogg USA, Inc. misappropriated plaintiffs' intellectual property, consisting of a cereal box design (portraying basketballs) which plaintiff submitted to defendant pursuant to a confidentiality agreement. Defendant did not purchase the design from plaintiffs but did produce a cereal box that plaintiffs claim incorporates a major portion of their ideas and design. The complaint alleges claims of fraud, breach of contract and misappropriation of intellectual property.

34

On April 30, 2002, a conference was held in chambers pursuant to Rule 16 of the Federal Rules of Civil Procedure. As is our custom, the conference was held without a court reporter present, but, at the end of the conference, we dictated an order, in the presence of counsel, setting out the matters discussed at the conference. The order reflects that defense counsel stated that defendant had sold the cereal product for a period of only about four months and that its net profit had been approximately $150,000. Defendant denied that the design of its cereal box was in any way related to the design plaintiff had submitted.

The order suggested that the parties "should have in mind that the stakes here may not be very high, considering the modest profit realized by defendant in the sale of the cereal product," and that "[t]hey should conduct discovery as informally as possible in order to save unnecessary expense." (Order of April 30, 2002.) A further status conference was set for July 24, 2002.

At the July 24 conference, counsel had very little activity to report. We set a discovery schedule, closing fact discovery on October 31, 2002 and expert discovery on December 13, 2002.

On October 8, 2002, another Rule 16 conference was held in chambers. Present for the defendant were attorneys James D. Zalewa and Tamara Anne Miller, as well as counsel for plaintiffs. At the conclusion of the conference, we dictated the following order, which is quoted in its entirety because it is central to the

sanctions question addressed in this opinion.

> Status conference held. There has been little activity since the last status conference in July. No depositions have been taken and the fact discovery cutoff is October 31, 2002. The parties say they can meet this without any difficulty and therefore the cutoff date will stand. One modification is that the parties will be given additional time for expert discovery. Plaintiff shall file its Rule 26 expert report by November 21 and defendant may depose plaintiff's expert by December 20. Defendant shall name its expert by January 17 and plaintiff may depose that expert by February 14, 2003.

> Trial is set for March 3, 2003 at 10:00 a.m. A final pretrial conference will be held on February 19, 2003 at 10:30 a.m.

> Plaintiffs shall file a more specific response to defendant's interrogatory number 9, providing particulars as to its lost profits and its "costs, expenses and fees associated with this action" if what is intended is something other than the typical costs of litigation. This should be provided by October 18, 2002.

> All document production shall be completed by October 18, 2002.

It is important to note that during the Rule 16 conferences we encourage counsel to offer any modifications or corrections to the order as we are in the process of dictating it, and it is almost always a cooperative effort. The purpose of the order is to provide the parties and the court with a road map for the future conduct of the litigation, and an accurate summary of the status of the case and the positions of the parties is obviously essential. Copies of the order are mailed to counsel as soon as it is typed, usually the day of the conference or, at the latest, the next day.

The critical part of the October 8 order for present purposes is the sentence "[t]he parties say they can meet this without any difficulty and therefore the cutoff date will stand."

The next development that came to our attention was plaintiffs' motion to extend discovery and to compel defendant's discovery responses, filed November 25, 2002. The gist of the motion was that plaintiffs had served interrogatories and requests for document production, but that defendant served objections asserting untimeliness and refusing on that ground to answer the interrogatories or provide the documents. Service of the discovery had been made on defense counsel on October 2, 2002 (six days before the October 8, 2002 Rule 16 conference). Defendant's objection pointed out that this did not leave sufficient time for defendant to respond by the October 31 cutoff date if it took the full 30 days to which it is entitled under the Rules. The parties disagree about whether the service was one or two days late, but the difference is immaterial.

In an effort to resolve the dispute without resort to a motion to compel, as required by our Local Rule 37.2, plaintiffs' counsel wrote a letter to attorney Tamara Miller dated November 15, 2002, recalling what had occurred at the October 8 conference with the court:

> At the October 8, 2002 hearing, the Court inquired as to the need to extend discovery and was obviously inclined to do so. However, both plaintiffs and defendant advised the Court that discovery could be finished by the October 31, 2002 deadline which had been previously set by the Court. At no time did the defendant indicate to the

> Court or the plaintiffs that the defendant would not
> respond to plaintiffs' then pending discovery requests.
> This is true despite the fact that defendant was well
> aware that plaintiffs' discovery had been received on
> October 3, 2002.  Any objection by Kellogg to the timing
> or service of plaintiffs' discovery should have been
> raised at that hearing so it could have been immediately
> addressed by the court and the plaintiffs.

The letter concluded by requesting responses to the discovery and stating that "[a[bsent that, plaintiffs will have no alternative but to file a motion to extend the discovery deadline and compel responses.  Plaintiffs may also seek sanctions.  We trust it will not come to that."  (Plaintiffs' Motion to Extend Discovery and to Compel Defendant's Discovery Responses, Ex. C, Letter of Frederick A. Tecce.)

Ms. Miller responded with a letter dated November 19, 2002. She pointed out that plaintiffs did not dispute that the service of the written discovery was untimely.  She cited several cases, including Laborers' Pension Fund v. Blackmore Sewer Construction Inc., 298 F.3d 600, 605-06 (7th Cir. 2002), which held that service of requests for admission was untimely when made so that the responses were due after the discovery cut-off date.  Ms. Miller's letter went on to say:

> We disagree that we were under any obligation to inform
> Judge Grady during the October 8, 2002 hearing that we
> planned to object to Plaintiffs' written discovery as
> untimely.  We told the judge we would be able to complete
> our discovery by the cut-off, which we did.  It seems to
> us that Gar Giles [plaintiffs' attorney] had an
> obligation to make a motion for leave to serve discovery
> on Kellogg later than the deadline to do so, and/or file

a motion to extend the discovery period if he planned to seek discovery after the cut-off.

The letter concluded by advising defense counsel that "we do not plan to provide substantive responses to Plaintiffs' untimely written discovery. Ms. Miller's co-counsel, James D. Zalewa, is shown as receiving a copy of the letter. (Plaintiffs' Motion to Extend Discovery and to Compel Defendant's Discovery Responses, Ex. D.)

The motion to compel was presented in open court on December 4, 2002, by Mr. Michael K. Lindsey, one of plaintiffs' attorneys. Ms. Miller appeared for the defendant. The following are excerpts from the transcript:

> MR. LINDSEY: Your Honor, the plaintiff has served interrogatories and document requests to the defendant. And the defendant has failed to provide any substantive response on the basis that these discovery requests were untimely by exactly one day.
>
> What's particularly troubling about this situation is that there was a Rule 16 conference held while these requests were pending, and this issue was never brought up by the defendant at that hearing. It's our position they waived any objection at this point.
>
> We seek an order compelling answers to the interrogatories and production of the documents.
>
> MS. MILLER: May I respond, your Honor?
>
> THE COURT: Yes.
>
> MS. MILLER: In terms of the plaintiffs' motion to compel, we maintain our objections to the discovery requests. They were served so that they required responses two days after discovery was closed in the case.
>
> While the plaintiffs like to say that it was our burden

to bring it up at the Rule 16 conference, the plaintiffs
were also armed with the knowledge that the discovery
requests were served in an untimely fashion. And it's
our position that it was a burden on them to either file
a motion or inform the Judge that they needed more time
for discovery at that point, rather than our affirmative
obligation to inform the Court that we were going to
follow the rules.

Tr. at 2-3, Dec. 4, 2002.

We expressed in rather strong terms our disapproval of defense

counsels' conduct, but continued the motion to compel until

December 11, 2002, so that Mr. Zalewa, who Ms. Miller said was her

supervisor on the case, could be present to explain his behavior.

At the December 11 hearing, Mr. Lindsey appeared again for

plaintiffs, and Ms. Miller and Mr. Zalewa appeared for the

defendant. The following are excerpts from the transcript of that

date:

THE COURT: Let me ask you, Mr. Zalewa, a question that I
asked Ms. Miller last week. When you refused to answer
these interrogatories and production requests, did you
believe that I would excuse you from doing so on the
basis that they have been served one day late?

MR. ZALEWA: Your Honor, I believe there is some thought
that you might. Judge Kocoras recently denied a similar
situation where they were two days late.

THE COURT: What were the facts there?

MR. ZALEWA: Do you have the case here?

MS. MILLER: Yes.

MR. ZALEWA: It was — requests for admissions were served
two days late.

\*        \*        \*        \*

MR. LINDSEY: Your Honor, if I may interject.  I am
familiar with that case.  That case had been in discovery
for seven years.  This current case, we are talking  –
it's been pending for less than a year.  Judge Kocoras
finally said that's enough, guys.  Discovery is over.

The other thing is that in that case this wasn't on a
matter of a one-day untimeliness.  It was several weeks,
I believe.

MR. ZALEWA:  Two days.

MS. MILLER:  Two days.

\*        \*        \*        \*

MR. LINDSEY: Your Honor, if they had an issue with the
one day, they could have picked up the phone and called
us.  They had these requests in their hands five days
prior to the Rule 16 conference.  They didn't say
anything during that conference.  They never called us.
In fact, they served their responses I think it was in
November, after the discovery cutoff date.

This could have been resolved in a much simpler fashion
than what we are going through right now.  There was no
need for this motion to compel.

THE COURT: You may recall that I dictated the order at
the Rule 16 conference in the presence of counsel who
attended the conference, which is what I always do.  And
the order in this case recited that there was no problem
in regard to the completion of discovery and counsel were
not requesting any extensions.

Were both Mr. Zalewa and Ms. Miller present at the
conference?

MS. MILLER: Yes, your Honor.

MR. ZALEWA: Yes, your Honor.

THE COURT: When I dictated that and it became part of the
order and then you received the order a day or so later,
what was your reaction to that, knowing, as you did, that
you were going to refuse to answer the discovery on the

basis that it was two days late?

MR. ZALEWA: Your Honor, at that point I don't believe we had decided to raise that issue. We had simply forwarded the request on to our client and then discussed it at some point.

So I advised my client Kellogg that under Seventh Circuit authority these were untimely, and that technically you could object to them as being untimely.

THE COURT: What do you mean, "technically?"

MR. ZALEWA: You can. You can object. It's a valid objection, your Honor.

THE COURT: Well, when you came to the conference, did you think it advisable to inform me that you were going to advise your client that it had the option to refuse to answer this discovery?

MR. ZALEWA: I don't think I even thought about it at that point, your Honor. I just —

THE COURT: How long after the conference did you think about it?

MR. ZALEWA: I don't have my notes on this. I think it was within a week or so that we discussed it with in-house counsel at Kellogg.

THE COURT: Did it occur to you that you were under any obligation to come back in here and inform me that what you had said at the conference was no longer true, that there now was a discovery problem?

MR. ZALEWA: Well, I am not sure it was a discovery problem. If it was, it was plaintiffs' problem for being untimely.

THE COURT: But it had to do with whether discovery could be completed within the deadline. That's the very question I asked you at the conference. And you said there was no problem. You said there was no problem.

MR. ZALEWA: I said I had no problem. We have taken our depositions and completed our discovery.

THE COURT: And that's what you meant?

MR. ZALEWA: Yes. I can't respond on behalf of the other side.

THE COURT: So you did not mean to lead me to believe that you were not going to raise any question about the other side's discovery from you? Is that what you are telling me?

MR. ZALEWA: I am not sure I am following that.

THE COURT: Well, are you saying that when you answered my question at the Rule 16 conference, when I asked whether there was any problem about completing discovery within the discovery deadline of October 31, and you said no, that you were intending to answer only for yourself, your own discovery?

MR. ZALEWA: For defendants. I can only speak on behalf of the defendants.

THE COURT: You didn't think that my question called upon you to let me know that there was a possible problem about your answering the other side's discovery?

MR. ZALEWA: Like I say, your Honor, if you ask me can you complete discovery by this date, I can only ask – answer on behalf of Kellogg. I am not sure – at that point we hadn't made a decision.

Tr. at 4-9, Dec. 11, 2002.

At the conclusion of the hearing, we granted plaintiffs' motion to compel, extended the discovery cut-off, and indicated that the March 3 trial date would have to be vacated. We also set a briefing schedule on plaintiffs' request for sanctions under 28 U.S.C. § 1927. In the order that was entered on December 13, 2002, we directed the parties to consider as well Rule 16(c)(6) and (f) of the Federal Rules of Civil Procedure. (Rule 16(f) allows

sanctions for failure to participate in a Rule 16 conference in good faith.)

## Respondents' Positions As to What
## They Intended at the Rule 16 Conference

In their briefs on the sanctions question, Mr. Zalewa and Ms. Miller ("Respondents") take the position, that, as of the October 8 conference, although they knew plaintiffs' discovery requests were untimely, they had not yet decided whether to object to them on that basis. Mr. Zalewa made this same representation at the December 11 hearing.

This position appears inconsistent with respondents' additional contention that they understood the court's inquiry at the conference to be directed to each side individually and that, in responding to the inquiry, they only intended to answer as to whether Kellogg's discovery would be complete as of October 31. This is what Ms. Miller said in her November 19 letter to plaintiffs' counsel, "[w]e told the judge we would be able to complete our discovery by the cut-off, which we did," and again at the December 4 hearing on the plaintiffs' motion to compel ("[a]nd it's our position that it was a burden on them to either file a motion or inform the Judge that they needed more time for discovery at that point, rather than our affirmative obligation to inform the Court that we were going to follow the rules."). Ms. Miller had ample opportunity to state both in the November 19 letter and at the December 4 hearing that as of October 8 there had been no

decision to object, but she did not do so. It was not until after the one-week interval between the hearings of December 4 and December 11 that plaintiffs' counsel or the court heard any suggestion that the decision to object had not been made before the October 8 conference.

We will discuss each of the respondents' alternate positions in turn. First, there is the proposition that our question about meeting the deadline could reasonably have been understood to be asking each side to answer only in regard to the discovery it had propounded, not the discovery it had been requested to answer. This is simply absurd. To make the argument is itself evidence of bad faith. The purpose of the conference was to expedite the handling of the case and to identify and solve problems; it was not to conceal problems and mislead the court.

The second preferred explanation, that respondents had not yet decided whether to object on the basis of untimeliness, is almost equally unsatisfactory. The point is, putting the best face on it, respondents were considering whether to object. This is something they should have disclosed at the conference. Had they done so, we would have solved the problem instantly, as we will indicate _infra_. Good faith required that we be given that opportunity.

## Sanctions

### 28 U.S.C. § 1927

Plaintiffs argue that the conduct of Mr. Zalewa and Ms. Miller meets the requirements for sanctions under 28 U.S.C. § 1927, in that it was vexatious and it unnecessarily multiplied the proceedings. We agree the conduct was vexatious. Respondents' failure to disclose at the Rule 16 conference that they either intended to object to the discovery or were considering such an objection frustrated the purpose of the conference and led to the motion to compel. In the circumstances, we cannot imagine any judge of this court, or any other court for that matter, denying a motion to compel. Respondents' refusal to provide the discovery, and their resistance to the motion to compel, were futile, and predictably so. They should have known that their refusal to provide the discovery would be unavailing, and, as foretold in counsel's letter of November 15 to Ms. Miller, was likely to lead to a motion for sanctions against them. Yet, respondents persisted to the very end, defending the unreasonable position that plaintiffs had forfeited their right to the requested discovery because of the one or two-day delay in requesting it. This, in any reasonable view, is vexatious conduct.

However, the other aspect of a Section 1927 violation is that the conduct must <u>multiply</u> the proceedings unreasonably. Mr. Zalewa and Ms. Miller argue that their objections to the discovery were

quickly resolved by the court and that no significant delay in the proceedings resulted. We agree, and conclude for this reason that the conduct of respondents did not violate Section 1927.

### Federal Rule of Civil Procedure 16(f)

We believe this case is governed instead by Rule 16(f), which provides for sanctions "if a party or a party's attorney fails to participate [in the conference] in good faith ...." The sanctions may include an order to pay the reasonable expenses of the other side incurred because of the noncompliance, including attorneys' fees, "unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

A number of factors lead us to the conclusion that sanctions should be imposed pursuant to this Rule. As we have indicated above, we find that under either of their alternative explanations – that they thought the court was asking only about their own discovery, or that they had not yet decided to refuse to provide the discovery requested by plaintiffs – Mr. Zalewa and Ms. Miller failed to participate in the Rule 16 conference in good faith. This is true even if we assume the decision to refuse (allegedly made by the client, not by counsel) was not made until October 29. We are extremely skeptical of that claim, which was made for the first time at the December 11 hearing rather than earlier, when Ms. Miller had the opportunity to make it. Counsel admit that at the

time of the October 8 conference they were aware that the discovery had been served late and say that there was a decision yet to be made as to whether defendant would refuse to provide the discovery. That information should have been shared with the court and opposing counsel at the conference, and respondents could not have been unaware of that. The most that can be said for them is that they left the conference knowing they had given what was in their view an ambiguous answer to the court's question and that the ambiguity would have been lost on the court and opposing counsel. That knowledge was confirmed when they received their copy of the court's order indicating that counsel had represented there would be no difficulty completing <u>discovery</u> by October 31.

The reason respondents should have disclosed their intention – whatever it was – at the conference is that the court would immediately have resolved the issue by granting the defendant an extra two days, or any reasonable additional time counsel might have requested, to answer the interrogatories and provide the documents. One of the things Rule 16 expressly authorizes a court to do at a Rule 16 conference is to "take appropriate action, with respect to ... the control and scheduling of discovery ...." Fed. R. Civ. P. 16(c)(6). Had respondents been candid with the court, this discovery dispute would never have arisen. There can be no question about that, because it is inconceivable that we would have penalized plaintiffs for being one or two days late with their

service of discovery requests. In fact, we were concerned that too little time remained to complete discovery, which is why we specifically inquired as to whether more time might be needed. We did not ask the question for the purpose of refusing an extension of time if one were to be requested. The case had been on file for 10 months. There certainly was no urgency about getting it to trial. The stakes were relatively small, and the court encouraged the parties to use "informal" methods of discovery in order to save unnecessary expense. Punishing the plaintiffs for serving slightly tardy requests would have been an abrupt and unjustified turnabout in our attitude toward the handling of the case.

Had respondents disclosed their intention, there would have been no need for a motion to compel and no occasion for a sanctions motion. Their lack of candor has brought all this upon themselves. Because their refusal to produce the discovery was so meritless, it is difficult to imagine that they thought their refusal would be sustained. On the other hand, they obviously thought it was worth a try. Had they succeeded, plaintiffs would have faced the prospect of a trial without essential fact discovery. (No contention is made that the interrogatories and the document production requests were not necessary trial preparation for plaintiffs.) Undoubtedly, this would have weakened the plaintiffs' position at trial and in any settlement negotiations that might

have taken place.

As to whether there are circumstances which would "make an award of expenses unjust," Mr. Zalewa and Ms. Miller point out that they have cooperated with plaintiffs' counsel in other aspects of discovery and have agreed to some depositions that took place after the discovery deadline. Cooperation is commendable, and it should be the norm. But it is not an excuse for what occurred here, which was the very antithesis of cooperation. Respondents also argue that plaintiffs' counsel have been dilatory in the conduct of discovery, but, that, if true, is irrelevant to the question of whether respondents have acted improperly.

A final consideration is whether Ms. Miller should be treated differently than Mr. Zalewa. At the December 4 hearing, we inquired as to whether she was simply carrying out the orders of Mr. Zalewa, who appeared to be senior to her in their law firm. She responded that he was her supervisor, but she has not at any time disclaimed responsibility for the manner in which the Rule 16 conference was handled or the refusal to produce the discovery and the opposition to the motion to compel. She appeared at the December 4 hearing and presented a spirited argument in opposition to the motion to compel. She has been a member the Illinois Bar since 1996 (according to <u>Sullivan's Law Directory</u>), and is responsible for her own conduct. We see no basis for distinguishing between the responsibility of Mr. Zalewa and Ms.

Miller, and regard them as equally responsible for the Rule 16(f) violation.

## Conclusion

We find that attorneys James D. Zalewa and Tamara Anne Miller have each violated Rule 16(f) of the Federal Rules of Civil Procedure by failing to participate in good faith in the Rule 16 conference that took place in this court on October 8, 2002, and that they should each be sanctioned for their misconduct.

The sanction will include the reasonable expenses, including attorneys' fees, incurred by the plaintiffs as a result of the violation. Plaintiffs may serve a motion for fees and expenses by June 5. The motion should be supported by detailed time records describing relevant work, and should be limited to work on the motion to compel, the motion for sanctions and the fee motion. The relevant time period would run from defendant's refusal to provide the discovery through the time an award of fees has been made. Without waiving their objection to sanctions or any award of fees, Mr. Zalewa and Ms. Miller may attempt to agree with plaintiffs' counsel upon a reasonable award. If agreement is not reached within 14 days after the service of the fee motion, then the motion should be filed and presented to the court without delay.

Compensating plaintiffs for their expenses, however, will not be a sufficient sanction. Respondents' bad faith misconduct, and their attitude about it, refusing even now to acknowledge the least

fault on their part, requires a sanction that has some prospect of deterring them from similar misconduct in the future.

What is needed is a monetary penalty in an amount sufficient to impress upon the respondents that they are guilty of professional misconduct and to motivate them to avoid sanctionable conduct in the future. Mr. Zalewa and Ms. Miller are each fined the sum of $2,000 (a total of $4,000.00), to be paid by them individually, without reimbursement from any source, such as their client or their law firm. The fines shall be paid to the Clerk of the Court by August 1, 2003.

Date:     May 22, 2003

ENTER:    _____
          John F. Grady, United States District Judge